**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHRISTOPHER TENDERHOLT,**
     **Petitioner,**

v.                                                                                                 **Civil Action No. 3:18-CV-172
(GROH)**

**JENNIFER SAAD, Warden,**
     **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 19, 2018, the *pro se* Petitioner, an inmate at Gilmer FCI in Glenville, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed under the Armed Career Criminal Act (ACCA) in the District of Wyoming. ECF No. 1.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

### II.     FACTUAL AND PROCEDURAL HISTORY[1]

#### A.     Conviction and Sentence

On March 18, 2004, Petitioner was charged in the United States District Court, District of Wyoming, in a four-count indictment which alleged that he was a felon who

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:04-CR-59 in the United States District Court for the District of Wyoming, available on PACER. Unless otherwise noted, the ECF entries in Sections II.A. and II.B. refer to that District of Wyoming criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

unlawfully transported, received and possessed firearms, in violation of 18 U.S.C. § 922(g), 922(j) and 924(a)(2). ECF No. 1. Petitioner entered a guilty plea to Count 1, and in return the government agreed to dismiss the remaining three counts. ECF Nos. 28, 52 at 3. On September 3, 2004, Petitioner was sentenced to 250 months in prison, to be followed by five years of supervised release. ECF Nos. 39, 49. That sentence was to be served consecutively to Petitioner's "undischarged term of imprisonment at the Montana Department of Corrections, resulting from convictions in Docket Number DC 96-894, 97-244, and 97-246, Thirteenth Judicial District Court, Yellowstone County, Montana." ECF No. 49.

### B.     Direct Appeal

On September 10, 2004, Petitioner filed a notice of appeal to the Tenth Circuit, in that court's docket number 04-8097. ECF Nos. 40, 42. In its September 23, 2005, opinion affirming Petitioner's conviction and sentence, the Tenth Circuit summarized the facts of Petitioner's case:

> On December 28, 2003, Sergeant Allen Thompson of the Sheridan, Wyoming Police Department stopped a car driven by Tenderholt. Thompson's suspicions were raised during the course of the stop because Tenderholt initially gave him a fictitious name, and the license plates on the vehicle, though registered in the name of Tenderholt's passenger, matched a different vehicle. Tenderholt ultimately fled the scene of the stop and a high-speed chase over snow-packed roads ensued. Tenderholt, who was forced to stop and abandon his car due to road conditions, was captured as he attempted to flee on foot. A subsequent search of the vehicle driven by Tenderholt revealed two semi-automatic .22 caliber handguns, one in the center console and the other pushed down between the passenger seat and the center console, as well as three packages of .22 caliber ammunition. One of the .22 caliber handguns was determined to have been stolen from a store in Hardin, Montana.

ECF No. 52 at 2.

### C. Motions to Vacate Pursuant to § 2255

On March 31, 2014, Petitioner moved to vacate his conviction pursuant to 28 U.S.C. § 2255 in the District of Wyoming, case number 2:14-CV-68[2]. ECF No. 1. On June 24, 2014, the district court entered an order dismissing the motion to vacate finding that he was not entitled to relief, and that a certificate of appealability should not issue. ECF No. 9.

On July 6, 2014, Petitioner filed a notice of intent to appeal. ECF No. 10. The Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal by order dated December 16, 2014, in that court's docket 14-8051. ECF No. 17. In its order, the Tenth Circuit noted that the § 2255 motion was filed "some seven years after his conviction became final, well after the expiration of the one-year limitations period." Id. at 2.

### D. Second or Successive Motions Under § 2255

On July 22, 2016, Petitioner filed a second or successive motion to vacate in the District of Wyoming, in civil action 2:16-CV-207. On July 25, 2016, the district court dismissed the motion because Petitioner had "not been granted leave from the Tenth Circuit." D.Wyo. 2:16-CV-207, ECF No. 4. The Tenth Circuit again denied a certificate of appealability in that court's docket 16-8088, on December 13, 2016. D.Wyo. 2:16-CV-207, ECF No. 13.

On June 6, 2017, Petitioner filed another second or successive motion to vacate in the District of Wyoming, in civil action 1:17-CV-95. On July 25, 2016, the district court

---

[2] All ECF citations in this section, II.C., refer to that civil action.

again dismissed the motion because Petitioner had "not been granted leave from the Tenth Circuit."  D.Wyo. 1:17-CV-95, ECF No. 2.

### E. Instant § 2241 Petition

Petitioner challenges his sentence, claiming that he is "actually innocent of the ACCA sentence" under current law.  ECF No. 1 at 5.  Although Petitioner articulates three further grounds for relief, rather than assert separate grounds for relief, those claims appear to address the Wheeler factors discussed in Sections III and IV below.  Id. at 5 – 6.

Petitioner asks to be resentenced absent his ACCA enhancement.  ECF No. 1 at 8.  Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention "due to the . . . statutory change in law [and] due to the retroactive change in law."  Id. at 9.

## III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

4

B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

C.  **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Petitioner's sole ground for relief appears to be[6] that he was improperly sentenced under the Armed Career Criminal Act, based on his prior Montana burglary conviction when the pre-Booker,[7] mandatory Guidelines[8] were also in effect. ECF Nos.

---

[6] Petitioner claims he is "actually innocent of the ACCA sentence under today['s] law." ECF No. 1 at 5. Further, in his memorandum, Petitioner asserts that his "prior Montana burglary convictions are not ACCA-qualifiers after Mathis."

[7] United States v. Booker, 543 U.S. 220 (2005).

[8] The Court notes that Petitioner was sentenced on September 3, 2004. Booker was decided on January 12, 2005, and the Tenth Circuit affirmed Petitioner's conviction on September 23, 2005, after Booker was decided. Liberally construing Petitioner's claims, the Court has considered his challenge to his sentence imposed under the pre-Booker mandatory Guidelines. However, even if the Court were to

8

10 at 5; 10-1, at 4. Because Petitioner's direct appeal rights have expired and Petitioner has pursued a prior § 2255 motion to disposition, his appropriate remedy would be to file a request to file a second or successive § 2255 to vacate his sentence.[9] To the extent that Petitioner is seeking relief under § 2241, he must meet the standards of that statute.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

Petitioner repeatedly cites to Mathis v. United States, 136 S.Ct. 2443 (2016), to support his claim that a change in the law occurred and as a result, one of his underlying convictions no longer qualifies as a predicate offense for an ACCA enhancement. Petitioner's sole ground for relief is that he is actually innocent of the

---

consider Petitioner's claims under the post-Booker advisory Guidelines, Petitioner is still not entitled to relief.

In Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) at 715, the Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. ("Foote [784 F.3d 931 (4th Cir. 2015)] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

[9] Section 2255 appears to be the appropriate remedy, however, Petitioner's conviction was final more than 12 years ago. Accordingly, such a claim may be time barred, thereby precluding relief under § 2255. The undersigned recognizes that Petitioner's prior attempt to obtain relief under § 2255, filed in 2014, was denied as untimely. D. Wyo. 2:14-CV-68, ECF No. 17.

predicate offenses which served to enhance his sentence under the ACCA, which sentence was imposed when the pre-Booker, mandatory Guidelines were in effect. ECF No. 1 at 5.[10] Petitioner does not claim he is actually innocent of the offense of his conviction in the District of Wyoming.

Regardless of whether Petitioner meets the first, third, and fourth[11] prongs of Wheeler, Petitioner fails to meet the second prong. The second prong of Wheeler requires a showing that: (1) subsequent to the prisoner's direct appeal and first § 2255 motion; (2) the settled substantive law, which established the legality of the defendant's sentence, has changed; and (3) that change in the law has been deemed to apply retroactively on collateral review.

Petitioner fails to meet the second clause of the second prong of Wheeler. Although Petitioner argues that Mathis v. United States, 136 S.Ct. 2243 (2016), and Johnson v. United States, 135 S.Ct. 2551 (2015), invalidate his prior burglary convictions, neither case provides him with relief.

Johnson determined that 18 U.S.C. § 924(e) was void for vagueness, however, the case further established a one-year limitation period for any claims raised under the

---

[10] The undersigned notes that by use of the term of art "actual innocence" Petitioner nominally asserts a challenge to his conviction in his petition. ECF No. 1. After careful review of the petition, the undersigned concludes that the heart of Petitioner's challenge is to the legality of his sentence, not his conviction. However, to the extent Petitioner is challenging his conviction, even if Petitioner meets the first and third prongs of the Jones test, he does not meet the second prong of the Jones test because the federal crime for which he was convicted—one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922—remains a criminal offense. Accordingly, to the extent Petitioner raises a challenge to the validity of his felon in possession of a firearm conviction, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his conviction on the merits.

[11] The Fourth Circuit's decision in Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), found that a misclassification as a career offender under the pre-Booker, then-mandatory USSG is a "fundamental defect" for the purposes of the fourth prong of Wheeler. Lester, 909 F.3d at 716. However, in Lester, the parties did not dispute the second prong of Wheeler. Lester, 909 F.3d at 712. The Court further notes that Petitioner was sentenced under the ACCA, not as a Career Offender under the Guidelines.

decision. That one-year limitation period elapsed on June 26, 2016. Petitioner did not seek relief in this action until more than two years after that date, on October 19, 2018. Regardless of any merit to his claim under Johnson, it is clear that Petitioner failed to seek relief within the designated one-year period. Accordingly, although Johnson made a change in the law which was to be deemed retroactive on collateral review, as required by the second clause of the second prong of Wheeler, Petitioner is still not entitled to relief, based on his failure to timely assert such a claim. Petitioner's failure to timely raise a § 2255 motion does not make § 2255 inadequate or ineffective to trigger relief under the savings clause of § 2255(e).

As to Petitioner's claim under Mathis, that case did not make a substantive change in the law, but merely clarified settled law. Accordingly, although Petitioner asserts that Mathis supports his claim that his predicate offenses no longer qualify as predicate offenses under the Armed Career Criminal Act, the holding of Mathis has not been held to be retroactive to cases on collateral review. Walker v. Kassell, 726 F. App'x. 191, 192 (4th Cir. 2018). Because Petitioner is unable to demonstrate that there was a change in the law in regard to Mathis, there is nothing to be deemed retroactive on collateral review, as required by the second clause of the second prong of Wheeler. Accordingly, Petitioner cannot meet the retroactivity clause of the second prong of Wheeler, and is not entitled to application of the savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the

cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Because Petitioner fails to meet either the Jones or the Wheeler test, it is **RECOMMENDED** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 28, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE